[Cite as *State v. Pushtelniak*, 2019-Ohio-3416.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. Nos.  19CA011457 |
| | 19CA011458 |
| Appellee | |
| | |
| v. | |
| | |
| JOHN D. PUSTELNIAK | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| Appellant | COURT OF COMMON PLEAS |
| | COUNTY OF LORAIN, OHIO |
| | CASE Nos.  17CR097162 |
| | 17CR097249 |

DECISION AND JOURNAL ENTRY

Dated: August 26, 2019

---

HENSAL, Judge.

{¶1} John Pustelniak appeals his convictions from the Lorain County Court of Common Pleas. The State of Ohio has cross-appealed his sentence. For the following reasons, this Court affirms as to Mr. Pustelniak's appeal and vacates his sentence in part as to the State's cross-appeal.

I.

{¶2} A North Ridgeville police officer ran the license plate of the vehicle in front of him and discovered that its registration had expired. He initiated a traffic stop, but as he was walking up to the vehicle, it drove away. He pursued the vehicle into the city of Avon, at which time he was told to stop his pursuit because they were approaching the location of a parade that was about to begin. The vehicle maneuvered around obstacles and began driving up the parade route. One of the officers stationed along the route got the vehicle to come to a stop, but the

driver refused to comply with other commands and, after a few moments, accelerated away. Another officer pursued the vehicle, which diverted through the crowd when it reached a barrier at the other end of the parade route. Once the vehicle was clear of the parade route, the Avon police officer ended his pursuit. A little while later, however, a different North Ridgeville police officer spotted the vehicle at a gas station. He pursued it into the city of Elyria, where it crashed into a guardrail. By the time the officer reached the crash site, the driver had fled on foot into a nearby neighborhood. Officers eventually discovered Mr. Pustelniak beside a nearby river and arrested him after recognizing him as the driver of the vehicle. Officers also learned that the vehicle had been stolen earlier in the day.

{¶3} The Grand Jury indicted Mr. Pustelniak on nine counts in case number 17CR097162, including four counts of failure to comply with the order or signal of a police officer, two counts of obstructing official business, two counts of willful or wanton disregard of the safety of persons or property, and one count of theft. It also indicted him on five counts in case number 17CR097249, including one count of assault, one count of inducing panic, one count of obstructing official business, one count of failure to comply, and one count of negligent assault. That indictment was later supplemented to add a second count of failure to comply. The State dismissed some of the charges before trial, and the trial court granted Mr. Pustelniak's motion for acquittal on some of the remaining counts during trial. A jury found Mr. Pustelniak guilty of three counts of failure to comply, one count of obstructing official business, one count of willful or wanton disregard of safety, and the count of theft in case number 17CR097162. It found him guilty of inducing panic and one count of failure to comply in case number 17CR097249. After concluding that all of the failure-to-comply counts and the willful-and-wanton-disregard-of-safety count merged, the trial court sentenced Mr. Pustelniak to a total of 48

months imprisonment. Mr. Pustelniak has appealed, assigning two errors. The State has cross-appealed the court's determination that all of the failure to comply counts should merge. We will address Mr. Pustelniak's assignments of error first.

II.

ASSIGNMENT OF ERROR I

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶4} Mr. Pustelniak argues that his convictions are not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶5} Mr. Pustelniak argues that the State failed to prove his conviction for inducing panic because there was no evidence that he caused an evacuation of any public place. Revised Code Section 2917.31(A)(3) provides that "[n]o person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by * * * [c]ommitting any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm." Notably, Section 2917.31(A)(3) does not require the evacuation of a

public place. Contrary to Mr. Pustelniak's assertion, the offense may also be committed if the defendant "otherwise cause[d] serious public inconvenience or alarm[.]" R.C. 2917.31(A). According to one of the police officers working the parade route, when Mr. Pustelniak drove the vehicle over the curb, she saw people moving very quickly to get out of the vehicle's path. After the vehicle passed through, the officer spoke to a woman who had moved her daughter and herself out of the path of the vehicle. The woman was holding her daughter and was scared and nervous about the situation, telling the officer that, if they had not moved, they may have been hit by the vehicle. Viewing the evidence in a light most favorable to the State, we conclude that, even though Mr. Pustelniak did not strike anyone along the parade route with the vehicle, there was sufficient evidence for the jury to find that he caused serious public inconvenience or alarm.

{¶6} Mr. Pustelniak has also challenged his conviction for theft, arguing that he could not be tried for the offense in Lorain County because the theft allegedly occurred in a different county. He also alleges that, because the original reason for the traffic stop was the expiration of the vehicle's registration, it was not all part of a single course of conduct.

{¶7} Although venue is not a material element of a criminal offense, the State must prove it beyond a reasonable doubt unless it is waived by the defendant. *State v. Patterson*, 9th Dist. Lorain No. 16CA011035, 2017-Ohio-8196, ¶ 17. We note, however, that, if a defendant does not make a specific objection to venue before the trial court, he forfeits all but plain error. *Id*. at ¶ 16. Mr. Pustelniak did not object in the trial court to whether Lorain County was the proper venue for the theft charge. He, therefore, has forfeited his argument for appellate review. He also has not alleged that the error was plain, and we decline to develop an argument for him. *See State v. Dukes*, 9th Dist. Summit No. 27966, 2019-Ohio-2893, ¶ 7. Accordingly, we conclude that Mr. Pustelniak's theft conviction is supported by sufficient evidence.

{¶8} Mr. Pustelniak also argues that there is insufficient evidence to support his conviction for willful or wanton disregard of safety. Section 4511.20(A) provides that "[n]o person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property." According to Mr. Pustelniak, the evidence established that he used extreme caution while driving down the parade route, avoiding injury to the allegedly thousands of people gathered to view the parade. The offense, however, related to his conduct driving through North Ridgeville and Elyria. According to the North Ridgeville officer who pursued Mr. Pustelniak into Elyria, Mr. Pustelniak was driving 20 miles per hour over the speed limit and went through red lights at multiple major intersections while there was cross-traffic moving through them. He also drove erratically and passed cars by driving on the wrong side of the road. Upon review of the record, the officer's testimony was sufficient to support Mr. Pustelniak's conviction for willful or wanton disregard of safety. Mr. Pustelniak's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶9} Mr. Pustelniak also argues that his convictions are against the manifest weight of the evidence. If a defendant asserts that his convictions are against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶10} Mr. Pustelniak argues that there was considerable doubt about whether he was the driver of the vehicle. He notes that the State did not present a single video or photograph of him driving the vehicle despite the number of people along the parade route who likely had cameras with them. He also notes that there was no dash camera or body camera evidence presented by the police or surveillance video from where the vehicle was stolen. He further notes that multiple officers admitted that they were unable to identify him as the driver of the vehicle.

{¶11} The State argues that, although some officers were unable to identify Mr. Pustelniak as the driver of the vehicle, multiple other officers did identify him. According to the officer who initiated the first traffic stop, he saw Mr. Pustelniak's face in the side mirror of the vehicle as he was walking up to it before it drove off. An officer who tried to stop the vehicle along the parade route testified that he was able to see the driver through a window as it slowed down and that driver was Mr. Pustelniak. The officer who was able to stop the vehicle briefly along the parade route also testified that he observed Mr. Pustelniak behind the wheel. The officer who spotted the vehicle at the gas station testified that he was nose-to-nose with the vehicle and saw Mr. Pustelniak through the windshield from about 15 feet away. Finally, when officers discovered Mr. Pustelniak by the river, he waded into it appearing to try to evade capture. The State also argues that the fact that private citizens may not have shared any pictures or videos of the incident with the police, that the cruisers who pursued the vehicle did not have

dash cameras, and that the officers who encountered the vehicle along the parade route were either not wearing or did not think to activate their body cameras does not undermine the testimony of the officers who identified Mr. Pustelniak as the driver of the vehicle.

{¶12} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 29. Upon review of the record, we cannot say that the jury lost its way when it found that Mr. Pustelniak was the operator of the vehicle. Mr. Pustelniak's second assignment of error is overruled.

CROSS-APPEAL ASSIGNMENT OF ERROR

> FOLLOWING A TRIAL THAT RESULTED IN A JURY FINDING THE DEFENDANT, JOHN D. PUSTELNIAK, GUILTY OF THREE THIRD-DEGREE FELONY COUNTS OF FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER IN VIOLATION OF R.C. 2921.331(B), THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RULED THAT, BASED ON THE EVIDENCE PRESENTED DURING TRIAL, THE THREE FAILURE TO COMPLY COUNTS CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. 2941.25(A), CONVICTED PUSTELNIAK OF ONLY ONE OF THE OFFENSES, AND, CONSEQUENTLY, ACTED CLEARLY AND CONVINCINGLY CONTRARY TO LAW WHEN IT FAILED TO IMPOSE A SENTENCE ON TWO OF THE CHARGES FOR WHICH THE JURY FOUND PUSTELNIAK GUILTY.

{¶13} The State argues that the trial court incorrectly merged two of the failure to comply counts at sentencing because it determined that they were allied offenses of similar import. Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id*. at paragraph three of the syllabus. When determining whether offenses merge under Section 2941.25, this Court applies a de novo standard of review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 12.

{¶14} The State argues that the trial court failed to properly apply any part of the *Ruff* allied-offenses analysis. The first part, however, is dispositive. Regarding the first part, the State argues that the court applied an incorrect standard when it addressed whether the offenses were of dissimilar import. In *Ruff*, the Ohio Supreme Court clarified that offenses are of dissimilar import under Section 2941.25(B) if they "involve[ed] separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at paragraph two of the syllabus. In explaining the reason it did not believe the offenses were dissimilar, the trial court stated: "[Mr. Pustelniak] fled in a motor vehicle around different routes in different communities. That's similar conduct without significant differences."

{¶15} The jury found Mr. Pustelniak guilty of four violations of Section 2921.331(B), which provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." The jury also found that, for three of those counts, Mr. Pustelniak "caused a substantial risk of serious physical harm to persons or property[,]" which elevated the offenses to felonies of the third degree. R.C. 2921.331(C)(5)(a)(ii). At trial, the State argued that one of the elevated counts related to Mr. Pustelniak's failure to comply with the instructions of the North Ridgeville officer who conducted the initial traffic stop. The second related to his failure to comply with the orders of the Avon officers along the parade route. The third elevated count related to his failure to comply with the North Ridgeville officer who spotted him at the gas station. According to the State, the people and property that Mr. Pustelniak exposed to a substantial risk of serious physical harm for each count were different. It, therefore, argues that the offenses were of dissimilar import under *Ruff*.

{¶16} We agree that each of the three offenses involved different victims under *Ruff*'s allied offenses analysis. In explaining the difference between the failure-to-comply offenses to the jury, the State told it that the first elevated count pertained to the "chase of the Defendant on Mills Road and Stony Ridge Road." The second count "relate[d] to Cleveland Street * * * and ending in Elyria." The third count "related to Avon[.]" Each of these offenses were well-separated in their time and location and involved distinct different groups of "persons or property" to which Mr. Pustelniak "caused a substantial risk of serious physical harm[.]" R.C. 2921.331(C)(5)(a)(ii). We, therefore, conclude that they were offenses of dissimilar import under *Ruff*.

**{¶17}** Under Section 2953.08(G)(2)(b), this Court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly" concludes that the sentence is "contrary to law." "A sentence that contains an allied-offenses error is contrary to law." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 14; *State v. Watkins*, 1st Dist. Hamilton No. C-120567, 2013-Ohio-4222, ¶ 9. We, therefore, conclude that Mr. Pustelniak's sentence must be vacated, and this matter remanded for resentencing on his convictions under Section 2921.331(B) that are felonies of the third degree. The State's assignment of error is sustained.

III.

**{¶18}** Mr. Pustelniak's assignments of error are overruled. The State's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and vacated in part, and this matter is remanded for resentencing in accordance with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.