**[Cite as *State v. Pustelniak*, 2020-Ohio-3534.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 19CA011575 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN PUSTELNIAK | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 17CR097162 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, the State of Ohio, appeals an order that resentenced Appellee, John D. Pustelniak.

I.

{¶2} Mr. Pustelniak was convicted of multiple offenses charged in two consolidated indictments, including three third-degree-felony charges of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). The first two counts were part of Lorain County Court of Common Pleas Case No. 17CR097162; the third was part of Lorain County Court of Common Pleas Case No. 17CR097249. In separate sentencing entries, the trial court merged count two of Case No. 17CR097162 ("count two") and count three of Case No. 17CR097249 ("count three") into count one of Case No. 17CR097162 ("count one") over the State's objection. The trial court sentenced Mr. Pustelniak to thirty-six months in prison on count one and, consistent with its decision that the other two counts merged with that count, imposed no sentence on them.

Mr. Pustelniak appealed all of his convictions, and the State appealed the trial court's decision on allied offenses.

{¶3} This Court overruled Mr. Pustelniak's assignments of error, but sustained the State's assignment of error. *State v. Pustelniak*, 9th Dist. Lorain Nos. 19CA011457, 19CA011458, 2019-Ohio-3416 ("*Pustelniak I*"). In so doing, this Court noted that "each of the three offenses involved different victims under [*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995][.]" *Pustelniak I* at ¶ 16. We concluded that Mr. Pustelniak's sentence with respect to the three counts at issue was contrary to law and "that Mr. Pustelniak's sentence must be vacated[] and this matter remanded for resentencing on his convictions under [R.C.] 2921.331(B) that are felonies of the third degree." *Pustelniak I* at ¶ 17.

{¶4} On June 22, 2019, the trial court resentenced Mr. Pustelniak on each of the third-degree-felony convictions under R.C. 2921.331(B). In one journal entry, the trial court sentenced him to prison terms of eighteen and nine months, respectively, on counts one and two. In another journal entry, the trial court sentenced him to a prison term of nine months on count three.[1] The State appealed pursuant to R.C. 2953.08(B)(2), arguing that the trial court did not have the authority to reduce Mr. Pustelniak's sentence on count one from thirty-six months to eighteen months.

II.

**ASSIGNMENT OF ERROR**

AFTER THIS COURT REMANDED THIS MATTER FOR RESENTENCING, SEE [*PUSTELNIAK I*] AT ¶ 17-18, THE TRIAL COURT ERRED, CLEARLY AND CONVINCINGLY ACTING CONTRARY TO LAW, WHEN IT HELD A DE NOVO SENTENCING HEARING DURING WHICH IT DECREASED THE PRISON TERM OF 36 MONTHS IMPOSED ON THE FIRST THIRD-DEGREE FELONY COUNT OF FAILURE TO COMPLY WITH ORDER OR SIGNAL OF

---

[1] The State has only appealed the trial court's resentencing entry in Case No. 17CR097162.

POLICE OFFICER AT THE FIRST SENTENCING HEARING TO 18 MONTHS BECAUSE NEITHER THE STATE NOR MR. PUSTELNIAK APPEALED THE 36-MONTH TERM OF INCARCERATION THAT THE TRIAL COURT IMPOSED, LEAVING THAT SPECIFIC SENTENCE UNAFFECTED BY THIS COURT'S DECISION ON DIRECT APPEAL.

{¶5} In its sole assignment of error, the State argues that the trial court erred by including count one within the scope of the resentencing hearing and by modifying the sentence on that count from thirty-six to eighteen months.

{¶6} R.C. 2953.08(B)(2) permits the State to appeal a sentence imposed upon a defendant on the grounds that the sentence is contrary to law. If this Court "clearly and convincingly finds * * * [t]hat the sentence is contrary to law[,]" we "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2)(b).

{¶7} The State urges this Court to conclude that the outcome of this case is controlled by *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245. Specifically, the State maintains that *Saxon* stands for the proposition that "when a matter is remanded based only on a sentencing error resulting from a faulty allied-offenses analysis, 'only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review.'" Mr. Pustelniak, on the other hand, maintains that the issue in this case is controlled by *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, and *State v. Christian*, Slip Opinion No. 2020-Ohio-828. Because the procedural postures of *Saxon*, *Wilson*, and *Christian* differ from this case, those decisions are instructive, rather than conclusive, regarding the State's assignment of error.

{¶8} In *Saxon*, the defendant appealed his sentence on one of two convictions. *Id.* at ¶ 3. The court of appeals, however, vacated both sentences and remanded the case for resentencing.

*Id.* In concluding that the court of appeals erred by vacating both of the sentences, the Ohio Supreme Court differentiated the "'sentence package doctrine,'" which "requires the court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan," from the approach taken in Ohio, which "is clearly designed to focus the judge's attention on one offense at a time." *Id.* at ¶ 5, 8. As support for this distinction, the Court explained that in Ohio, a "sentence" is defined as "'the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense.'" *Id.* at ¶ 12, quoting R.C. 2929.01(FF), and paragraph one of the syllabus.

{¶9} With these principles in view, the Supreme Court concluded that the court of appeals exceeded its authority by vacating the sentences for both offenses rather than only the one that had been appealed. *Saxon* at ¶ 30. *Saxon*, therefore, limited the authority of a court of appeals when considering sentencing appeals, holding that "[a]n appellate court may modify, remand or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *Saxon* at paragraph three of the syllabus.

{¶10} The Ohio Supreme Court considered the application of *Saxon* to allied offenses in *Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669. In *Wilson*, the defendant was convicted of three offenses and sentenced on each. *Id.* at ¶ 3. The defendant appealed, arguing that all three offenses were allied offenses of similar import and, consequently, that they should have merged for purposes of sentencing. *Id.* at ¶ 4. The court of appeals agreed, vacated the defendant's sentences on all three convictions, remanded the case for resentencing, and noted that objections related to the resentencing hearing could be raised at that time. *Id.* at ¶ 6. The Ohio Supreme Court explained that when a trial court errs by failing to merge allied offenses, a court of appeals cannot merely

modify the sentence, but must remand for a new sentencing hearing during which the trial court must accept the State's election for sentencing purposes, merge the convictions for sentencing, and impose an appropriate sentence. *Id*. at ¶ 13, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 24. The Court concluded that "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing," but noted that the scope of the de novo hearing is also limited to "the sentences for the offenses that were affected by the appealed error." *Wilson* at ¶ 15, citing *Saxon* at paragraph three of the syllabus.

{¶11} Consequently, when a defendant appeals multiple sentences and argues that the trial court erred by *failing* to merge allied offenses for purposes of sentencing and prevails in that appeal, each of the allied offenses is properly within the scope of the de novo sentencing hearing on remand. *Wilson* at ¶ 13, citing *Whitfield* at ¶ 24. In other words, because each sentence that should have been merged is at issue in an allied-offense challenge by a defendant, each must be addressed during resentencing, and doing so does not raise concerns about package sentencing in those circumstances. *Wilson* at ¶ 18.

{¶12} In *Christian*, the Ohio Supreme Court considered the point at which a defendant has an expectation of finality in a sentence that has been imposed. *See generally Christian*, Slip Opinion No. 2020-Ohio-828. In that case, the appellant had been incarcerated for a period of time equal to the length of a vacated prison term by the time a resentencing hearing was conducted. *Id*. at ¶ 1. When the trial court resentenced the defendant, the trial court modified the relevant sentence to be served consecutively, rather than concurrently, with another. *Id*. at ¶ 6. The defendant appealed, arguing that the trial court erred by imposing a consecutive sentence. *Id*. at ¶ 7. The court of appeals reversed, concluding that the defendant could not be resentenced on that count because she had completed the term originally imposed, even though she was still incarcerated on

another of the charges. *Id*. at ¶ 8. The Ohio Supreme Court concluded that the defendant had no expectation of finality in the relevant portions of her original sentence because they were still subject to modification as a result of a pending appeal. *Id*. at ¶ 17-18, 27. In this context, the Court held that "when a portion of a defendant's sentence has been vacated on direct appeal, the trial court has the authority to resentence the defendant de novo on any counts for which the original sentence was vacated." *Id*. at ¶ 29.

{¶13} *Saxon*, *Wilson*, and *Christian* are not on point with this case. Nonetheless, they are instructive, and they provide guidance in our resolution of the State's assignment of error. Under *Saxon*, this Court may only vacate a sentence that is the subject of an appeal. *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 30. *Wilson* clarifies that all merged sentences are relevant to the analysis of allied offenses and, conversely, that only those affected by an appealed error are properly within the scope of a resentencing hearing. *See Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, at ¶ 15. Finally, *Christian* reminds us that a trial court may resentence a defendant on any portion of a sentence that has been vacated on appeal as long as the defendant's expectation in the finality of the sentence has not yet attached. *Christian* at ¶ 29.

{¶14} In *Pustelniak I*, the State appealed Mr. Pustelniak's sentence, arguing that the trial court erred by merging his three third-degree-felony convictions for failure to comply with an order or signal of a police officer, sentencing him only on count one, and declining to sentence him on counts two and three. This Court noted that the State's argument was "that the trial court incorrectly merged two of the failure to comply counts [counts two and three] at sentencing because it determined that they were allied offenses of similar import." *Pustelniak I*, 2019-Ohio-3416, at ¶ 13. Applying the standard required by *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, this Court examined each of the three counts and determined that they were not allied offenses

because each involved a different victim. *Pustelniak I* at ¶ 13-16. We then concluded that "Mr. Pustelniak's sentence must be vacated, and this matter remanded for resentencing on his convictions under [R.C. 2921.331(B)] that are felonies of the third degree." *Id.* at ¶ 17. It is this language that has caused some confusion in this case.

{¶15} When this Court's decision in *Pustelniak I* is considered in its entirety, however, it is apparent that this Court found no error with the sentence that the trial court imposed on count one—indeed, the State alleged no error in connection with that sentence. This Court did not vacate that sentence and, consequently, it was not before the trial court for consideration on remand. Indeed, under *Saxon* and *Christian*, this Court could not have vacated the sentence on count one, nor could the trial court properly include it within the scope of the resentencing hearing.

{¶16} Because it was the State, rather than Mr. Pustelniak, who appealed the allied-offenses issue and because the issue was not failure to merge sentences, but error in doing so in the first instance, *Wilson* also did not require the trial court to consider count one during the resentencing hearing. All three third-degree felony convictions for failure to comply with an order or signal of a police officer were implicated *in the analysis* of the State's assignment of error in *Pustelniak I* by necessity. The alleged error, however, did not pertain to the sentence imposed on count one. It related solely to the trial court's erroneous conclusion that count two and count three were allied with count one and, as a result, that no sentence should be imposed on those counts.

{¶17} Consequently, the trial court erred by resentencing Mr. Pustelniak on count one when that count was not properly within the scope of the resentencing hearing on remand. The State's assignment of error is, therefore, sustained.

{¶18} Pursuant to this Court's authority under R.C. 2953.08(G)(2)(b), the sentence imposed on count one as a result of the resentencing hearing is vacated. This matter is remanded

so that the trial court may reimpose the original sentence of thirty-six months on count one. The sentences imposed on counts two and three, which were properly before the trial court during the resentencing hearing, are not affected by this decision. *See generally Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at paragraphs one, two, and three of the syllabus.

III.

{¶19} The State's assignment of error is sustained, and the judgment of the Lorain County Court of Common Pleas is reversed. This matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

<u>APPEARANCES:</u>

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellant.

GIOVANNA V. BREMKE, Attorney at Law, for Appellee.