[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Christian*, Slip Opinion No. 2020-Ohio-828.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-828

THE STATE OF OHIO, APPELLANT, *v.* CHRISTIAN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Christian*, Slip Opinion No. 2020-Ohio-828.]

*Criminal law—Resentencing—When a portion of a defendant's sentence has been vacated on direct appeal, the trial court has the authority to resentence the defendant de novo on any of the vacated sentences—Court of appeals' judgment reversed and cause remanded.*

(No. 2017-1691—Submitted March 26, 2019—Decided March 10, 2020.)

APPEAL from the Court of Appeals for Montgomery County No. 27236, 2017-Ohio-8249.

_____

**FISCHER, J.**

{¶ 1} In this appeal, we consider whether a trial court may resentence a defendant on a specific count after the sentence related to that count has been vacated on direct appeal and the defendant has been confined for the length of the original prison term that had been attached to that count. We hold that because a

defendant in these circumstances has no expectation of finality in the original sentence once it has been vacated on direct appeal, the trial court has the ability to resentence the defendant de novo.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Appellee, Eva Christian, was found guilty of five charges related to an insurance-fraud scheme. In June 2012, Christian was sentenced as follows:

- Count One—insurance fraud, a violation of R.C. 2913.47(B)(1) and a fourth-degree felony: 18 months;

- Count Two—insurance fraud, a violation of R.C. 2913.47(B)(1) and a third-degree felony: 36 months;

- Count Three—making false alarms, a violation of R.C. 2917.32(A)(3) and a fourth-degree felony: 18 months;

- Count Four—making false alarms, a violation of R.C. 2917.32(A)(3) and a fifth-degree felony: 12 months;

- Count Five—engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and a first-degree felony: 9 years.

The trial court ordered Count One through Count Four to run consecutively to each other and concurrently to Count Five, for an aggregate prison term of nine years.

## A. *Christian I*

{¶ 3} On appeal, the Second District Court of Appeals reversed Christian's conviction for engaging in a pattern of corrupt activity after concluding that the state presented insufficient evidence of an "enterprise" to sustain that conviction. *State v. Christian*, 2d Dist. Montgomery No. 25256, 2014-Ohio-2672, ¶ 80 ("*Christian I*"). The court also modified Christian's convictions for Count Two and Count Three to reflect lower degrees of the offenses pursuant to 2011 Am.Sub.H.B. No. 86, effective September 30, 2011 ("H.B. 86"). *Id.* at ¶ 178. (H.B. 86, which took effect after Christian was indicted but before she was sentenced,

made changes to the manner in which the degrees of certain criminal offenses are to be determined.)

{¶ 4} The Second District certified a conflict between its decision in *Christian I* and a Ninth District decision regarding what evidence the state must present in order to prove the existence of an "enterprise" in a trial for engaging in a pattern of corrupt activity. 2d Dist. Montgomery No. 25256 (Aug. 26, 2014). This court determined that a conflict existed, 140 Ohio St.3d 1465, 2014-Ohio-4629, 18 N.E.3d 445, accepted the state's discretionary appeal on that same issue, 140 Ohio St.3d 1466, 2014-Ohio-4629, 18 N.E.3d 445, and consolidated those causes and held them for this court's decision in *State v. Beverly*, 143 Ohio St.3d 258, 2015-Ohio-219, 37 N.E.3d 116. After the announcement of the decision in *Beverly*, this court vacated the judgment of the Second District and remanded the cause to that court to consider whether sufficient evidence of an enterprise existed in light of *Beverly*. 143 Ohio St.3d 417, 2015-Ohio-3374, 38 N.E.3d 888, ¶ 1.

## B. *Christian II*

{¶ 5} On remand, the Second District held that in light of this court's interpretation of the statutory definition of "enterprise" in *Beverly*, Christian's conviction for engaging in a pattern of corrupt activity was supported by sufficient evidence. 2016-Ohio-516, 56 N.E.3d 391, ¶ 16, 22 (2d Dist.) ("*Christian II*"). The Second District accordingly reinstated Christian's conviction for that offense, but it also reduced the degree level of the offense from a first-degree felony to a second-degree felony because the degree level of the underlying predicate offense was reduced in *Christian I* in accordance with H.B. 86. *Id.* at ¶ 24. The court then remanded the case to the trial court for resentencing on Counts Two, Three, and Five. *Id.* at ¶ 37.

{¶ 6} On remand from *Christian II*, the trial court resentenced Christian as follows:

• Count Two: 12 months (24 months shorter than the original sentence);

- Count Three: 180 days (12 months shorter than the original sentence);
- Count Five: 8 years (1 year shorter than the original sentence).

While the concurrent and consecutive nature of the majority of Christian's sentences remained the same, the trial court did modify Count Two from being served concurrently to Count Five to being served consecutively to Count Five. Thus, with Counts Two and Five running consecutively to each other, Christian's aggregate sentence after the remand was the same as her original aggregate sentence: nine years.

## C. *Christian III*

{¶ 7} Christian appealed and raised one assignment of error—that the trial court abused its discretion during resentencing when, without any new facts having been presented, it made the R.C. 2929.14(C)(4) findings pertaining to the imposition of consecutive sentences, which had not been made during Christian's original sentencing hearing. In other words, Christian asserted that the trial court erred when it ordered Count Two to run consecutively to Count Five because no new facts had been presented at Christian's resentencing hearing that would have warranted the trial court to diverge from its initial order, which imposed Count Two concurrently with Count Five. The Second District sua sponte asked the parties to be prepared to discuss at oral argument the issue whether Christian had completed her sentence on Count Two prior to the trial court's resentencing.

{¶ 8} The court ultimately declined to address Christian's assignment of error and instead reversed the case based upon its holding that, by the time that Christian was resentenced in 2016, she had already served the original prison terms that had been imposed for Count One through Count Four. 2017-Ohio-8249, 99 N.E.3d 887, ¶ 15, 28-30 (2d Dist.). Applying this court's holding in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, and expressing double-jeopardy concerns, the court of appeals concluded that because a trial court may not resentence a defendant for an offense once that defendant has completed

the sanction that had been attached to that finding of guilt, Christian could not be resentenced on Count Two, regardless of the fact that she still had not completed her sentence for Count Five. *Id.* at ¶ 15-16, 28.

{¶ 9} We accepted jurisdiction over the state's proposition of law: "After a state appellate court voids a defendant's sentence, the original sentence is a nullity and re-sentencing is de novo as to the affected charge." *See* 152 Ohio St.3d 1442, 2018-Ohio-1600, 96 N.E.3d 298.

## II. ANALYSIS

{¶ 10} The state argues that when Christian's sentences were vacated on direct appeal in *Christian II*, those sentences were rendered nullities, and the trial court had the ability to resentence her de novo for those counts. It adds that *Holdcroft* does not apply to this case because that decision involved the direct review of a postrelease-control hearing that occurred pursuant to R.C. 2929.191. Christian's case involves a resentencing hearing that was ordered as a consequence of the direct review of her convictions. The state continues, arguing that because there is no expectation of finality in a sentence until either the appeal involving that sentence has concluded or the time to appeal that sentence has expired, Christian could not have completed her sentence for Count Two by the time of her resentencing hearing. Finally, the state argues that there are no double-jeopardy implications in this case because the guarantee against double jeopardy imposes no restrictions on the length of a sentence that is imposed after a defendant has been reconvicted or resentenced due to the de novo nature of the resentencing hearing.

{¶ 11} Christian responds that *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, stands for the proposition that when a defendant serves the entirety of his or her prison sentence, the defendant's interest in the finality of that sentence prevails, and the trial court may no longer modify that sentence. Therefore, she concludes that she could not be resentenced on Count Two because she had served that sentence in its entirety before the resentencing hearing occurred.

## A. *State v. Holdcroft*

{¶ 12} In considering the issues before us in this case, we first review our decision in *Holdcroft*. In that case, the defendant was convicted of aggravated arson and arson. The trial court imposed a ten-year prison term for the aggravated-arson offense and a consecutive, five-year prison term for the arson offense. *Holdcroft* at ¶ 2. The trial court failed to properly impose postrelease control for either offense. After the defendant had completed his prison term for aggravated arson, the trial court held a new sentencing hearing to correct its errors in imposing postrelease control. *Id.* at ¶ 3. The trial court reimposed both prison terms and then imposed a mandatory, five-year postrelease-control term for the aggravated-arson offense and a discretionary postrelease-control term of up to three years for the arson offense. *Id.*

{¶ 13} We held that "[a] trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.* at paragraph three of the syllabus. In applying that holding to the case, we explained that, because the defendant had completed his prison term for the aggravated-arson offense, the trial court was not authorized to impose a postrelease-control term for that offense, despite the fact that the defendant was still serving a prison term for another offense. *Id.* at ¶ 19.

{¶ 14} We further explained that "so long as a timely appeal is filed from the sentence imposed, the defendant and the state may challenge any aspect of the sentence and sentencing hearing, and the appellate court is authorized to modify the sentence or remand for resentencing to fix whatever has been successfully challenged." *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, at ¶ 9. However, "absent a timely appeal, res judicata generally allows only [for] the correction of a void sanction." *Id.* We added that "we have consistently held that once an offender has been released from prison, he cannot be subjected to another

sentencing to correct the trial court's flawed imposition of postrelease control." *Id.* at ¶ 11. Because the defendant in *Holdcroft* had served the entirety of his prison sanction for aggravated arson at the time he was resentenced, we concluded that he "had a legitimate expectation of finality in the sentence that he had fully served." *Id.* at ¶ 12.

{¶ 15} Of particular significance to this case, we set forth the following three principles in *Holdcroft* to provide a framework for future cases:

> First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified.

*Id.* at ¶ 18. We also emphasized that "either the defendant or the state may challenge any aspect of a sentence so long as a timely appeal is filed" and noted that "once the time for filing an appeal has run, Ohio courts are limited to correcting a void sanction." *Id.*

## B. Pursuant to *Holdcroft*, the trial court had the authority to resentence Christian after portions of her original sentence had been vacated on direct appeal

{¶ 16} In its decision below, the Second District failed to apply this court's repeated statements in *Holdcroft* that, on a direct appeal of a criminal conviction, any aspect of a defendant's sentence may be challenged, and any part of that sentence that has been successfully challenged may be corrected. Because Christian successfully challenged her sentence in the direct appeal from her

criminal convictions in *Christian II*, 2016-Ohio-516, 56 N.E.3d 391, the court of appeals properly remanded her case for resentencing and the trial court had the authority to properly sentence Christian on that remand.

{¶ 17} The United States Supreme Court has made it clear that a defendant "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." *United States v. DiFrancesco*, 449 U.S. 117, 136, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In applying *DiFrancesco*, this court has stated that "when the legislature has provided the government with a statutory right of appeal, '[t]he defendant * * * is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired.' " (Brackets and ellipsis sic.) *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 16, quoting *DiFrancesco* at 136.

{¶ 18} In this case, the relevant portions of Christian's sentence were vacated on direct appeal and ultimately the case was remanded to the trial court with the specific instruction to resentence Christian on Counts Two, Three, and Five. Because Christian's sentences on those counts were subject to correction pursuant to *DiFrancesco* and *Roberts*, Christian had no expectation of finality in those portions of her original sentence, and the trial court had the ability and obligation to resentence her on those counts on remand.

### C. Christian's resentencing did not violate her protections from double jeopardy

{¶ 19} The Second District raised a concern that nullifying Christian's original sentence could violate her double-jeopardy protections.

{¶ 20} The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Article I, Section 10 of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense."

{¶ 21} This court has explained that "[t]he Double Jeopardy Clause protects persons from (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.' " *Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, at ¶ 11, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Relevant to this case is whether resentencing constitutes multiple punishments for the same offense. This court has stated that jeopardy does not attach to a sentence that has been invalidated and, therefore, a trial court's imposition of a new sentence does not constitute double jeopardy. *See State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).

{¶ 22} This appeal stems from Christian's direct appeal, in which the appellate court properly invalidated portions of Christian's sentence. As we have explained, Christian had no expectation of finality in her original sentence. It is also notable that it was Christian who, when she appealed her sentence, opened the door for the trial court's revisiting of her sentence on remand. The fact that Christian actively sought to have her sentence altered supports the conclusion that she had no expectation of finality in that sentence. *See United States v. Harrison*, 237 Fed.Appx. 911, 913 (5th Cir.2005). This is not a situation in which Christian is being punished twice. Instead, her resentencing represents a correction or clarification of her first, and only, sentence, and she is being punished only once. Accordingly, there is no double-jeopardy concern here.

### D. Christian is entitled to credit for the time she was confined while her appeals were pending

{¶ 23} The Second District also raised a concern that if Christian's original sentences are treated as having been vacated rather than completed, then the time she served on those counts would be subject to "being twice served." 2017-Ohio-8249, 99 N.E.3d 887, at ¶ 27.

{¶ 24} Under *Pearce*, 395 U.S. at 718, 89 S.Ct. 2072, 23 L.Ed.2d 656, when imposing a new sentence for an offense on remand, a trial court must order that a defendant receive full credit for any punishment that the defendant previously served for that offense. This is because "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." *Id.* at 718-719. In this case, the trial court originally ordered Christian to serve the sentences for Counts Two and Three concurrently to the sentence for Count Five. On remand, the trial court ordered Christian to serve the sentence for Count Two consecutively to the sentence for Count Five. Because Christian served prison time on those counts simultaneously, she is entitled to have that time credited toward both of her new sentences on those counts.

**E. Allowing resentencing on counts for which a sentence has been vacated on direct appeal does not violate any fairness concerns**

{¶ 25} Christian also raises a fairness argument involving general concepts of due process.

{¶ 26} This court has made it clear that all sentences are subject to correction on direct appeal. Both this court and the United States Supreme Court have emphasized that there is no expectation of finality in a sentence until the appeals process has run. *See Agee v. Russell*, 92 Ohio St.3d 540, 543, 751 N.E.2d 1043 (2001), citing *Teague v. Lane*, 489 U.S. 288, 295, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). There is no compelling reason to depart from that rule.

{¶ 27} Significantly, many of the due-process concerns raised by Christian about resentencing hearings should be addressed in an appeal from the resentencing hearing. For example, if a defendant's sentence is increased, the defendant is free to challenge the new sentence on the ground that the trial court vindictively increased the defendant's sentence or that the increased sentence was the result of

improper sentence packaging. Indeed, in her appeal from her resentencing, Christian challenged the trial court's decision to impose her sentence for Count Two consecutively to her sentence for Count Five. She argued that the trial court improperly reconsidered its initial decision to run those sentences concurrently without any new factual basis for doing so. This argument—which the court of appeals declined to address below—may be analyzed on remand. Whenever a defendant is resentenced in a case like this, that new sentence is subject to correction on direct appeal if it is contrary to Ohio's sentencing statutes or if it violates the federal or state constitutions.

{¶ 28} Accordingly, we conclude that the trial court had the authority to resentence Christian de novo on Count Two. We therefore reverse the decision of the Second District Court of Appeals and remand this cause to that court to consider the assignment of error raised by Christian in her appeal from her resentencing.

### III. CONCLUSION

{¶ 29} We hold that when a portion of a defendant's sentence has been vacated on direct appeal, the trial court has the authority to resentence the defendant de novo on any counts for which the original sentence was vacated. We further note that because Christian served prison time simultaneously on Count Two and Count Five before her original sentence was vacated, she is entitled to have that time credited toward both of her new sentences on those counts. We reverse the decision of the Second District Court of Appeals and remand the cause to that court for consideration of Christian's assignment of error.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, and DEWINE, JJ., concur.

DONNELLY, J., dissents, with an opinion.

STEWART, J., dissents, with an opinion.

_____

11

**DONNELLY, J., dissenting.**

{¶ 30} Respectfully, I concur with Justice Stewart's dissenting opinion. Personally, I have doubts that *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, provides a full picture of Ohio's statutory scheme governing felony sentencing in Ohio or the policies behind it. I believe that *Saxon*'s rejection of the sentencing-package doctrine fails to account for "real-world considerations," *id.* at ¶ 31 (Pfeifer, J., dissenting), such as the reality that sentencing courts routinely incorporate elements of sentence packaging when assembling an aggregate prison term for a criminal defendant. But regardless, unless the majority is prepared to overturn or modify *Saxon*, it should share Justice Stewart's view that jeopardy attached to Christian's individual "sentence" on Count Two when she finished serving the maximum prison term that could have been imposed for that offense. Even if the majority is correct that it is proper to resentence a defendant de novo on prison terms for sentences that have been completely served but were vacated on direct appeal, the record indicates that appellee, Eva Christian, did not receive a true de novo resentencing hearing. Instead, the trial court recreated the sentence that was previously imposed under the old, defunct law.

{¶ 31} The main charge against Christian was engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), charged in Count Five of her indictment. Her lower-level predicate offenses charged in Counts One through Four of her indictment were two counts of insurance fraud in violation of R.C. 2913.47(B)(1), and two counts of making false alarms in violation of R.C. 2917.32(A)(3). Pursuant to the law in effect at the time that Christian was indicted—which was prior to the legislature's enactment of 2011 Am.Sub.H.B. No. 86, effective September 30, 2011 ("H.B. 86")—Count Five was a first-degree felony, allowing a trial court to impose a prison sentence of up to ten years, *see* former R.C. 2929.14(A)(1), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7464 (providing for a maximum prison term of ten years for a first-degree felony).

Prior to Christian's original sentencing hearing, H.B. 86 went into effect. The new law reduced the felony levels and resulting sanctions for various offenses, including the offenses identified in Counts Two, Three, and Five in Christian's indictment. Most pertinently, Count Five became a second-degree felony, which allowed for the imposition of a prison sentence of no more than eight years. R.C. 2923.32(B)(1); former R.C. 2929.14(A)(2).

{¶ 32} At Christian's original sentencing hearing, the trial court applied the law that was in effect when Christian had been indicted, imposing a nine-year prison term on Count Five. The trial court determined that the sentence for Count Five should run concurrently with all the sentences for the predicate offenses in Counts One through Four, resulting in a total sentence of nine years. Among the Second District's reasons for reversing Christian's original sentence was the trial court's failure to apply the lesser felony levels and sanctions required by the amendments in H.B. 86. *State v. Christian*, 2d Dist. Montgomery No. 25256, 2014-Ohio-2672, ¶ 149-151, *vacated on other grounds by State v. Christian*, 143 Ohio St.3d 417, 2015-Ohio-3374, 38 N.E.3d 888.

{¶ 33} During Christian's resentencing hearing, the court indicated that its original sentencing decision had little to do with the considerations for running each of the sentences concurrently or consecutively pursuant to R.C. 2929.14(C)(4), and instead was based upon the court's goal of once again imposing a nine-year aggregate sentence:

> [Y]ou [defense counsel] mentioned something about when I sentenced Ms. Christian approximately four years ago, finding concurrent sentences were appropriate. Actually, what I decided four years ago, what I determined four years ago, is that nine years was an appropriate sentence under the facts of this case.

And in looking at it again and calling back memories of the case, I believe nine years is the appropriate number and it's a number I can come to within the ranges of what is before me.

{¶ 34} The trial court stated that it was going to configure Christian's sentences so that it could "get to nine years." In other words, the trial court determined that Christian should receive a package sentence of nine years no matter what changes the legislature made, and the court adjusted its previous decision and imposed Count Two consecutively with Count Five for the stated purpose of recreating that sentence.

{¶ 35} The trial court also dismissed Christian's claims that she had bettered herself since the original sentencing hearing, and concluded: "I'm going to impose the sentence I imposed back then." After explaining the same factors that led to the trial court's original sentencing decision, the trial court stated: "That's why I gave you the nine-year sentence then. * * * That's why I'm giving you the nine-year sentence again."

{¶ 36} Despite being faced with identical facts and providing an identical analysis, the trial court changed its previous decision to impose less than the maximum sentence for Count Five and instead decided that Christian should receive the maximum possible punishment allowable under former R.C. 2929.14(A)(2). The trial court also decided that concurrent sentences were no longer appropriate for Counts Two and Five, and instead imposed those sentences consecutively to each other. The foregoing new determinations resulted in an aggregate sentence of nine years.

{¶ 37} In a true de novo resentencing hearing, a trial court should certainly be able to reconsider the concurrent and consecutive nature of a defendant's sentences based upon any new factual circumstances that have developed since the prior sentencing hearing. The only change that was relevant to Christian's prison

terms, however, was that the legislature decided that lesser punishments should apply to her offenses.

{¶ 38} "It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties." *State v. Morris*, 55 Ohio St.2d 101, 112, 378 N.E.2d 708 (1978). A trial court has no inherent power to sentence, and instead must impose penalties that the legislature has provided. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10. It is well within the legislature's purview to exercise its power by reducing felony levels and prison terms. *See Morris* at 112. To say that a change in law constitutes a change in circumstances in the context of Christian's case would be to say that the legislature has chosen a punishment that is disproportionate to the forbidden conduct or does not adequately protect the public. Such a finding would be antithetical to the proper constitutional roles of the legislature and judiciary in Ohio.

{¶ 39} In order to justify the conclusion that Christian's convictions for Counts Two and Five require consecutive rather than concurrent sentences pursuant to R.C. 2929.14(C)(4), there needs to be something other than the legislature's choice to assign a lesser sanction to Christian's offenses. But the only new evidence at the resentencing hearing was Christian's explanation of her efforts to better herself and her expression of remorse. The trial court doubted Christian's credibility and found her statements to have no mitigating effect, which was well within the trial court's discretion. But more importantly, the trial court concluded that nothing in Christian's factual circumstances had changed.

{¶ 40} If the "record does not support the sentencing court's findings under * * * division (B)(2)(e) or (C)(4) of section 2929.14 * * * of the Revised Code," R.C. 2953.08(G)(2)(a), then an appellate court must take corrective action by either modifying or vacating and remanding the matter for resentencing, R.C. 2953.08(G)(2). With an admission by the trial court that there were no new facts to support its decision to impose the sentence from Count Two consecutively with

the sentence from Count Five under R.C. 2929.14(C)(4), the court's findings are unsupported by the record. Reversal is manifestly necessary under the statutory standard, rendering it unnecessary to tangle with the felony-sentencing metaphysics presented in the sole proposition of law before this court.

{¶ 41} The true problem in this case is that the trial court failed to heed the mandate of the legislature and misapplied R.C. 2929.14(C)(4) to justify its decision. I hope that the Second District will correct this clear error on remand when addressing the merits of Christian's previously mooted assignment of error.

———————————

**STEWART, J., dissenting.**

{¶ 42} Appellee, Eva Christian, had her first sentencing hearing on June 6, 2012. By the time she had her resentencing hearing on July 27, 2016, four years had passed. Within that time frame, Christian had served the entirety of her 18-month sentence for Count One and had served 31 months of the originally imposed, 36-month prison term for Count Two. However, when Christian was resentenced, the maximum prison term that she could have received for Count Two was 18 months. Because Christian had already served in excess of those 18 months on Count Two by the time she was resentenced, I would find that the trial court violated Christian's constitutional right to be free from double jeopardy when the court ordered the newly imposed 12-month prison term on that count to be served consecutively to Count Five. By doing this, the court effectively ordered a prison term, which had been fully served, to be served once again after she finished serving another term. Therefore, I dissent from the majority's conclusion that no double-jeopardy violation occurred.

*Double Jeopardy and Credit for Time Served*

{¶ 43} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense in successive proceedings." *State v. Raber*, 134

Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, paragraph two of the syllabus, citing *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). Relying on United States Supreme Court opinions, this court has interpreted the prohibition against multiple punishments to essentially mean two things: (1) that a court may not modify a sentence in a way that increases the severity of the sentence once the defendant has a legitimate expectation of finality in her sentence, *id*. at ¶ 24, and (2) that even when a defendant has no legitimate expectation of finality, he may not receive a total punishment that is greater than what has been authorized by the legislature, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 33, *superseded by statute as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23, citing *United States v. Halper*, 490 U.S. 435, 450, 109 S.Ct. 1892, 104 L.Ed.2d. 487 (1989). Although both principles require this court's consideration when determining the double-jeopardy issue before this court, the majority opinion focuses on the first principle—even though it is the second principle on which the Second District's decision ultimately turned.

{¶ 44} At the heart of the second principle lies the fundamental understanding that the Double Jeopardy Clause "absolutely requires that punishment already exacted * * * *be fully 'credited' in imposing* [*a*] *sentence upon a new conviction for the same offense*." (Emphasis added.) *North Carolina v. Pearce*, 395 U.S. 711, 718-719, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 801, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *see also United States v. Lominac*, 144 F.3d 308, 317 (4th Cir.1998) (explaining that "[b]ecause the interest protected by the Double Jeopardy Clause's prohibition against multiple punishments for the same offense 'ensur[es] that the total punishment d[oes] not exceed that authorized by the legislature,' *Jones v. Thomas*, 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989), credit must be given not only when a defendant is resentenced following a new conviction

but also when he is resentenced after a successful challenge to his original sentence"), *abrogated by Johnson v. United States*, 529 U.S. 694, 702-703, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000).

*The Second District's Decision*

{¶ 45} In her supplemental brief to the Second District Court of Appeals, Christian argued that, by the time of her resentencing hearing, she had already served 31 months in prison on Count Two, which exceeded both the 18-month maximum prison term she could have received on Count Two at the resentencing hearing and the actual sentence of 12 months that was imposed at the resentencing hearing. Consequently, as Christian argued in her brief, the trial court could not modify the nature of that sentence by ordering that it be served consecutively to another count, because she had already served any amount of time that could have been imposed as punishment for that offense. In contrast, the state argued that Christian had not completed her prison term on Count Two by the time she was resentenced because her sentence on Count Two was vacated by the court of appeals along with her sentences for Counts Three and Five. According to the state, Christian could not have served a prison term on a vacated sentence because no sentence or term was in place to be served.

{¶ 46} Ultimately agreeing with Christian, the appellate court concluded that "the trial court could not order that Count [Two]'s twelve month sentence, which had already been served, be served after completion of the modified eight year term in Count [Five]." 2017-Ohio-8249, 99 N.E.3d 887, ¶ 28. In doing so, the court rejected the state's argument that Christian did not serve any time on the vacated sentences. Specifically, the court stated:

> The voiding of an original conviction does not render time served under that conviction a nullity. We reject the conceptual fiction that a complete but voided sentence has no legal existence.

> Otherwise, years served on such counts would be subject to being twice served. Furthermore, we cannot embrace a sentence nullity argument which offends the double jeopardy clause. *See generally North Carolina v. Pearce*, 395 U.S. 711, 716-717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The U.S. and Ohio Constitutions require that punishment already exacted must be fully credited in imposing [a] sentence upon reversal and remand.

*Id*. at ¶ 27.

{¶ 47} This is the relevant issue before this court today—whether jeopardy attached to the sentence on Count Two once Christian served the maximum punishment allowable for that count. That the appellate court mistakenly relied on *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, to support its decision is of little importance when it is clear that the appellate court otherwise correctly applied fundamental double-jeopardy principles to reach its conclusion. In short, what the appellate court concluded was that once credited with the time she previously served as punishment for Count Two, there was *nothing left* for Christian to serve on Count Two consecutively to another count. Thus, the trial court's order of consecutive sentences served to impose a second punishment when Christian had already served the maximum punishment allowable by statute.

{¶ 48} The majority's reliance on *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984), is inapposite because that opinion does not address the specific double-jeopardy concern at issue in this case. In *Beasley*, this court held that a void sentence may be corrected on remand without violating double-jeopardy protections. *Id*. at 76. Here, it is evident from the appellate court's remand orders

19

that it understood that Christian would be resentenced on her vacated sentences.[1] What concerned the appellate court was that instead of simply imposing a prison term on Count Two that fell within the allowable range for a fourth-degree felony, the trial court entered a term of imprisonment within the new range but then ordered that sentence—which, after applying time served, would have been fully satisfied— to be served consecutively with Count Five. 2017-Ohio-8249, 99 N.E.2d 887 at ¶ 26. This was not, as the majority characterizes, a mere "correction" of Christian's original sentence. Majority opinion at ¶ 18. Had the trial court merely corrected the defects in Christian's original sentence, it would have imposed terms of imprisonment for Counts Two, Three, and Five within the ranges for the reduced classifications and stopped there. Instead, by ordering Count Two to be served consecutively, the court also changed the nature of Christian's sentences, resulting in Christian serving additional time on a count for which she had already served the maximum punishment allowed.

{¶ 49} Noticeably, the majority avoids any discussion of whether Christian had fully served the maximum punishment she could have received on Count Two. Instead, it focuses on an aspect of double jeopardy that is immaterial to this case, cites to *Beasley*, and proclaims that "[t]his is not a situation in which Christian is being punished twice." Majority opinion at ¶ 22. But to hold that Christian has not been punished twice without taking a critical look at the time she has already served in prison for Count Two, runs contrary to *Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, and fails to recognize that once Christian is credited for the time she

---

1. The proposition of law, as accepted by this court, refers to the Second District's judgment as having the effect of "voiding" Christian's sentences on Counts Two, Three, and Five. Further, in the parties' briefs and at oral argument, both the state and Christian refer to her original sentences as either "void" or having been "voided." At this juncture, it is not necessary to decide whether Christian's original sentences on these counts were in fact void, as there is no dispute that the sentences were properly vacated on appeal because they fell outside the applicable sentence ranges for the offense classifications.

has served, there is nothing left for her to serve—consecutively or concurrently—to another count, *id*. at 721.

{¶ 50} In *Pearce*, a habeas petitioner who had succeeded in having his conviction set aside after serving over two years on a ten-year sentence was retried and reconvicted. When he was sentenced for the second time, he was not given credit for the time he spent in prison on the original, vacated conviction. In reversing the trial court's sentencing order that failed to apply time served, the Supreme Court stated:

> We think it is clear that this basic constitutional guarantee [against being put in jeopardy of life or limb twice or more] is violated when punishment already exacted for an offense is not fully "credited" in imposing [a] sentence upon a new conviction for the same offense. The constitutional violation is flagrantly apparent in a case involving the imposition of a maximum sentence after reconviction. Suppose, for example, in a jurisdiction where the maximum allowable sentence for larceny is 10 years' imprisonment, a man succeeds in getting his larceny conviction set aside after serving three years in prison. If, upon reconviction, he is given a 10-year sentence, then, quite clearly, he will have received multiple punishments for the same offense. For he will have been compelled to serve separate prison terms of three years and 10 years, although the maximum single punishment for the offense is 10 years' imprisonment. Though not so dramatically evident, the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed.
>
> We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that

punishment already exacted must be fully "credited" in imposing [a] sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and *must* be returned—by subtracting them from whatever new sentence is imposed.

(Emphasis added.) *Id.* at 718-19.

{¶ 51} Here, Christian never completed a valid sentence on Count Two and because of this, she could not have had an expectation of finality in her sentence. Accordingly, the trial court could resentence her on that count without violating the first principle of double jeopardy. And in having the ability to resentence Christian on Count Two, the court could have even increased her sentence on that count without violating the prohibition against double jeopardy had there been any additional punishment available that the court could have imposed. *See Pearce* at 720.

{¶ 52} The problem here is that there was no additional punishment that could have been imposed. Christian endured a punishment on Count Two, as reflected by the 31 months she spent in prison on that count before being resentenced.[2] And that amount of time exceeded the maximum prison term she

---

2. The state contends that the time Christian spent in prison before being resentenced should be categorized as presentence confinement and not as time served for her vacated sentences. This argument is not supported by the facts or our precedent. Following the Second District's decision in *State v. Christian*, 2d Dist. Montgomery No. 25256, 2014-Ohio-2672, we granted the state's request to stay the appellate court's reversal of the original sentencing order while the state perfected its appeal to this court. *See State v. Christian*, 140 Ohio St.3d 1437, 2014-Ohio-4160, 16 N.E.3d 681. When a stay is in place, it " 'preserves the status quo of the litigation pending appellate review and *suspends* the power of the lower court to issue execution of the judgment or *sentence*.' " (Emphasis added in *Roberts*.) *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 24, quoting *Loeb v. State*, 387 So.2d 433, 435-436 (Fla.App. 1980). During that stay, Christian's original sentence remained in effect and she continued to serve it. *See id.* Consequently, and despite the state's protestations otherwise, Christian *did* continue to serve her original prison

could have received—18 months. *See* R.C. 2929.14(A)(4). Pursuant to *Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, Christian was entitled to have the time she served on Count Two credited back to that count. Had the trial court properly credited Christian with time served when it had imposed the corrected 12-month term, it would have been evident that the individual term had been fully satisfied. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9 (when sentencing an offender on multiple offenses, trial courts must "consider each offense individually and impose a separate sentence for each offense," only after imposing specific prison terms for each offense, may a court, in its discretion, order some or all of those terms to be served consecutively). A trial court cannot order a prison term that has already been fully served to be served *again*—this time consecutively to another count—without violating the prohibition against double jeopardy. *See Jones v. Thomas*, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989), syllabus ("In the multiple punishments context, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended").

### Credit for Time Served

{¶ 53} The state argues that the trial court's order of consecutive sentences was not a double-jeopardy violation because, once applied, Ohio's jail-time-credit statute, R.C. 2967.191, prevents the time that Christian already served as punishment for Count Two under the original invalid sentence from being served again. Although it may technically be true that Christian will receive credit against her aggregate sentence for the time she spent in confinement prior to her resentencing, applying R.C. 2967.191 does not remedy a double-jeopardy violation on these facts.

---

terms during the pendency of her original direct appeal and the state's subsequent appeal from that decision to this court.

**{¶ 54}** The crediting principle announced in *Pearce* requires sentencing courts to credit an offender with any time she had served from an original, vacated sentence against any new sentence imposed for the same offense. *See id*. at 718-719; *see also State v. Larson*, 56 Wash.App. 323, 332-333, 783 P.2d 1093 (1989) ("The guaranty against double jeopardy requires * * * that time served on the previous * * * sentence be fully credited toward the revised * * * sentence"). However, R.C. 2967.191 does not apply credit for time served for one offense back to that same offense. Rather, R.C. 2967.191 applies confinement time to the aggregate sentence when a court orders a combination of consecutive and concurrent service on multiple prison terms. *See* R.C. 2967.191(A) (mandating that the Ohio Department of Rehabilitation and Correction reduce an offender's stated prison term by the amount of time she previously spent in confinement); *see also* R.C. 2929.01(FF)(1) (defining a " '[s]tated prison term' " as the "combination of all prison terms * * * imposed"); R.C. 5145.01 ("If sentenced consecutively, * * * the prisoner shall be held to be serving one continuous term of imprisonment"); Ohio Adm.Code 5120-2-03.1(F) ("When consecutive stated prison terms are imposed, the term to be served is the aggregate of all of the stated prison terms so imposed").

**{¶ 55}** Despite the Supreme Court's clear directive in *Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, that a trial court must credit the time that a person has served under a vacated sentence to any new sentence for that *same offense*, in some instances, courts have found that the spirit of *Pearce* permits the application of time served against an overall aggregate prison term. Courts that have reached this conclusion have done so because the particular jurisdiction in which the court sits adheres to the sentencing-package doctrine. *See United States v. Rozier*, 485 Fed.Appx. 352, 359 (11th Cir.2012) ("even though Rozier is correct in that time already served under an old sentence must be credited against a new sentence, under a 'sentencing package' approach, any time served would be credited against the

new total sentence, not the individual sentences on each count of conviction"); *State v. Martin*, 185 Vt. 286, 291, 973 A.2d 56 (2009) ("It is the *aggregate* sentence that is of constitutional import in sentencing-package cases" [emphasis sic]).

{¶ 56} Unlike the federal system and certain other states, Ohio's sentencing statutes do not permit sentencing packages. *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 8 ("We have been clear that the 'sentencing package' doctrine, by which federal courts may consider multiple offenses as a whole and impose an overarching sentence, is not applicable in Ohio's state courts"); *see also Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 8 ("Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time"). Accordingly, because Ohio's sentencing laws require that time served on a vacated sentence be credited back to the specific prison term for the individual offense rather than the aggregate term, applying Ohio's jail-time-credit statute to situations like this one does not prevent a double-jeopardy violation from occurring.[3]

{¶ 57} For unknown reasons, the majority's opinion does not discuss the state's argument that applying Ohio's jail-time-credit statute prevents a double-jeopardy violation. It does, however, agree that Christian is entitled to have the time she previously spent incarcerated on Counts Two and Five credited toward the new sentences on those counts. *See* majority opinion at ¶ 24. But Christian did not

---

3. This is not to say that time served on a vacated sentence for one charge may never be applied as credit for another sentence on a different charge. *See McNary v. Green,* 12 Ohio St.2d 10, 12, 230 N.E.2d 649 (1967) (concluding that "time served under a conviction which is subsequently vacated and not reimposed should be credited to a prior existing sentence which was not running during the period the accused was in custody under the vacated sentence"); *see also State ex rel. Moon v. Ohio Adult Parole Auth.*, 22 Ohio St.2d 29, 31, 257 N.E.2d 740 (1970) (noting that this state is disinclined "to permit a [person] to be incarcerated for a period of time for which he receives no credit"). In this context, double jeopardy protects only a person's right not to be punished in excess of what is authorized by the legislature. *See Saxon* at ¶ 9 ("a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense"). Due process and other fairness principles may still require that time served on one offense be credited against another.

actually receive credit for time served for Count Two. Had the trial court properly credited Christian with time served, her aggregate sentence would total eight years. This is because, when crediting back to Count Two the 31 months that Christian spent in prison under her original sentence for that count, the newly imposed, consecutive 12-month prison term for that count is fully served. What is left is the newly imposed, concurrent eight-year term on Count Five. Thus, her overall aggregate term should be eight years, and she would still be entitled to have Count Five credited with the time she previously spent in prison on that count under the original sentence.

{¶ 58} Accordingly, to the extent that the majority agrees that Christian is entitled to have the time she previously spent incarcerated on Counts Two and Five credited back to the newly imposed sentences on those counts, there is no reason to order that this case be remanded to the court of appeals for further consideration of Christian's original assignment of error. Instead, this case should either be remanded to the trial court with instructions to properly apply the credit or, pursuant to R.C. 2953.08(G)(2), this court itself should modify Christian's sentence to eight years.

*Conclusion*

{¶ 59} For the foregoing reasons, I find that the trial court violated Christian's constitutional right to be free from double jeopardy when it ordered her to serve the 12-month prison term for Count Two consecutively to the eight-year prison term for Count Five after she had already served the maximum punishment allowed for Count Two. Further, I find that Ohio's jail-time-credit statute does not remedy the double-jeopardy violation because, in a situation like this one, the statute credits Christian's new sentence with the time she spent in prison on Count Two in a manner consistent with the sentencing-package doctrine, and fails to remedy the fact that the court imposed another prison term after the maximum term allowed had been fully served.

26

{¶ 60} In order to remedy the double-jeopardy violation, the trial court must credit the time Christian previously served on Counts Two and Five back to the new sentences imposed on those counts. Had the trial court done this, Christian's aggregate sentence would amount to no more than eight years in prison. Accordingly, I would affirm the Second District's judgment and remand this cause to the trial court with instructions to properly credit Christian with time served.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Heather N. Jans and Andrew T. French, Assistant Prosecuting Attorneys, for appellant.

Brock A. Schoenlein, for appellee.

_____