[Cite as *State v. Farmer*, 2024-Ohio-351.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230372 |
|  |  | TRIAL NO. B-2205209 |
| Plaintiff-Appellant, | : |  |
| vs. | : | *O P I N I O N.* |
| DEVYN FARMER, | : |  |
| Defendant-Appellee. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 2, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellee.

**BOCK, Presiding Judge.**

{¶1} Plaintiff-appellant the state of Ohio appeals the trial court's judgment entry and sentence, which did not include defendant-appellee Devyn Farmer's classification as a Tier III offender registrant under Ohio's version of the Adam Walsh Act. We hold that the omission of the Tier III classification was a clerical error that may be corrected on remand by a nunc pro tunc order.

### Facts and Procedure

{¶2} The state indicted Farmer for three counts of rape of a child under the age of ten. Farmer and the state entered into a plea agreement with an agreed sentence, in which Farmer would plead guilty to two counts of rape and the third count would be dismissed.

{¶3} Before accepting Farmer's guilty pleas, the trial court addressed Farmer and notified him that he would be classified as a Tier III sex offender. The court further notified him about his registration duties and went through the notification-of-duties-to-register form. Farmer stated that he understood the duties and acknowledged that his attorney had reviewed the form with him. Both Farmer and the trial judge signed the form, which was docketed the same day. The court accepted the guilty pleas after going through a full Crim.R. 11 colloquy. The child victim's family spoke. The trial court then imposed a sentence under the Reagan Tokes Law. The court declared Farmer to be a Tier III offender and stated that he would be served with a copy of the notification form.

{¶4} At some point, the trial court realized that Farmer should not have been sentenced under the Reagan Tokes Law. The court vacated the "Entry Withdrawing Plea and Entering Guilty Plea entered on May 9, 2023 * * *."

{¶5}   The trial court held a second hearing, where it again went through the Crim.R. 11 colloquy. The court did not review the sex-offender notifications again. Before the Crim.R. 11 colloquy, the prosecutor stated that he and defense counsel had "talked about" the fact that Farmer previously "was declared a Tier III Sex Offender." The prosecutor said, "So we'd ask that that be incorporated into this plea as well." The trial court asked defense counsel if she had any objection, to which defense counsel answered, "No." Defense counsel asked the court to impose the agreed sentence, which the court did, eliminating the Reagan Tokes aspect of the sentence. The prosecutor stated, "I know we previously set up that Defendant would still be declared a Tier III Sex Offender." The court addressed Farmer stating, "You understand that? I went through the reporting requirements when you get out of prison as far as registering." Farmer answered, "Yes, ma'am." The court added, "And so we did that at the last hearing date. We went over that form, and your attorney went over the form with you? * * * And do you understand that still stands * * * as part of this finding?" Farmer answered, "Yes."

{¶6}   The court docketed a judgment entry and sentence that did not include the Tier III classification. The state has appealed.

### Assignment of Error

{¶7}   The state's assignment of error alleges that the omission of the Tier III classification from the judgment entry and sentence is a clerical error that may be corrected by a nunc pro tunc order.

{¶8}   A defendant's tier classification is part of the sentence and must be included in the judgment of conviction. *State v. Veite*, 1st Dist. Hamilton No. C-190339, 2021-Ohio-290, ¶ 4-5. And R.C. 2929.19(B)(3) requires that the Tier III classification be included in the sentencing entry. "[O]n a direct appeal of a criminal conviction, any aspect of a defendant's sentence may be challenged and any part of

that sentence that has been successfully challenged may be corrected." *Id.* at ¶ 7, quoting *State v. Christian*, 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216, ¶ 16.

*The Arguments*

{¶9} The state argues that under this court's opinion in *State v. Williams*, 1st Dist. Hamilton No. C-220582, 2023-Ohio-2886, the trial court's omission of the Tier III classification from the sentencing entry is a clerical error that can be corrected by a nunc pro tunc entry. In *Williams*, this court held that where the trial court correctly imposed the registration duty at the sentencing hearing, the failure to include the classification in the sentencing entry is a clerical mistake that can be corrected by a nunc pro tunc entry. The state requests that this court remand the matter to the trial court for a nunc pro tunc order correcting the sentencing entry to include the Tier III classification. In the alternative, the state asks that this court remand the matter for resentencing so that the Tier III classification can be imposed at resentencing and included in the sentencing entry.

{¶10} Farmer argues that the trial court failed to provide the Tier III notifications at the second sentencing hearing, so the trial court cannot use a nunc pro tunc order to correct the sentencing entry. He also argues that the trial court did not notify Farmer about the Tier III classification at the first sentencing hearing because the court gave the notifications before accepting his pleas and not when it moved to the sentencing portion of the first hearing. Therefore, he argues, the court did not comply with R.C. 2950.03(A)(2), which requires that the notifications be given at the sentencing hearing. Farmer cites *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990 (7th Dist.), in support of his argument.

{¶11} In *Kase*, Kase pled guilty to rape. Immediately after the trial court conducted the Crim.R. 11 colloquy and accepted Kase's plea, the court held what it called a "SORN" hearing and informed Kase of his registration duties as a Tier III sex

offender. Kase signed the notification-of-duties-to-register form. The court then granted Kase's request and continued the sentencing hearing for a presentence investigation. At the sentencing hearing, the court did not reinform Kase of his registration duties. The Seventh District held that this was not error because the notification had occurred immediately after the court accepted Kase's guilty plea, and therefore, the sentencing hearing had begun. The trial court did not err by failing to reinform Kase of his registration requirements at the later sentencing hearing, but it erred by omitting the Tier III classification from the sentencing entry. Because the appellate court found other, nonrelated sentencing errors, it remanded the matter for resentencing.

*Analysis*

**{¶12}** Sex offender classifications are part of the maximum penalty for the offense and must be addressed during a Crim.R. 11 colloquy. *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348; *State v. Jones*, 8th Dist. Cuyahoga No. 107275, 2019-Ohio-993, ¶ 13. When a trial court fails to inform sex offenders of their classification, registration, community-notification, and verification requirements before they plead guilty, then the pleas to the sex offenses are not knowing. *Id.*

**{¶13}** The trial court in this case was required to inform Farmer about his classification and registration duties before accepting his guilty pleas, which it did. Farmer signed the notification form, and it was docketed. The trial court correctly informed Farmer about his classification and registration duties.

**{¶14}** At Farmer's second sentencing hearing, the parties agreed that the Tier III classification should be incorporated into the new pleas. Defense counsel specifically stated that she had no objection to that procedure. The trial court told Farmer that he was a Tier III offender and asked him whether he understood that. The court stated that it had gone through the reporting requirements and what his

registration duties would be when he was released from prison, and that Farmer had signed the notification form. The court asked Farmer whether he understood that "that still stands * * * as part of this finding." Farmer replied, "Yes," to the court's questions and statements. Farmer raised no objection.

{¶15} In *State v. Litten*, 9th Dist. Summit No. 27414, 2015-Ohio-1250, Litten had been convicted of rape and kidnapping. At his original sentencing hearing, the trial court informed Litten that he was a Tier III offender and notified him of his registration duties. On appeal, the appellate court held that the convictions should have been merged as allied offenses and remanded the matter for resentencing. On remand, the state elected to pursue the rape count for sentencing. At the resentencing hearing, the trial court informed Litten that he was subject to the same Tier III registration requirements about which it had notified him at the original sentencing hearing. The court stated, "I don't know that I need to once again reiterate that you are declared a Tier III sex offender with lifetime registration requirements. We had previously given you all of that information; is that correct?" Litten responded in the affirmative. The court incorporated the Tier III classification into the sentence. On appeal, Litten argued that the trial court had erred by not engaging in the thorough notification required by R.C. 2950.03 at the resentencing hearing. The Ninth District held that any error that may have occurred was harmless because the clear intention of the statute was for a defendant to be notified of the registration requirements and Litten had been given that notification, albeit at his original sentencing hearing. Litten had not suggested that the prior notification was deficient, and he had not shown how the trial court had affected his substantial rights by not repeating the notification.

{¶16} In this case, the trial court notified Farmer of his registration duties at the first sentencing hearing and Farmer indicated that he understood those duties. At the second sentencing, the court declared him to be a Tier III sex offender and

confirmed that he had been notified of his registration duties and understood them. The parties agreed with this procedure. Any error that may have occurred did not prejudice Farmer. *See id.* And any order correcting the sentencing entry would not prejudice Farmer. *See id.*

{¶17} Under the circumstances of this case, a nunc pro tunc order may be used to correct the judgment entry and sentence to include the Tier III classification. We sustain the state's assignment of error.

## Conclusion

{¶18} The trial court's judgment is reversed to the extent that it does not include the Tier III classification. We remand this matter for the trial court to correct the judgment entry and sentence by a nunc pro tunc order to include the Tier III classification.

Judgment reversed and cause remanded.

CROUSE and KINSLEY, JJ., concur.

Please note:

The court has recorded its own entry this date.