[Cite as *State v. Sage*, 2021-Ohio-2130.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee              :       Appellate Case Nos. 28938 and 28939
                                        :
v.                                      :       Trial Court Case No. 2004-CR-1574/4
                                        :
GORDON WILLIAM SAGE                      :       (Criminal Appeal from
                                        :       Common Pleas Court)
    Defendant-Appellant             :
                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of June, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GORDON WILLIAM SAGE, Inmate No. 458-271, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Gordon William Sage, appeals from the judgment of the Montgomery County Court of Common Pleas overruling his pro se motions to correct void sentence and the corresponding nunc pro tunc sentencing entry. In support of his appeal, Sage claims that his sentence is void because the trial court erroneously imposed separate sentences for two counts of aggravated murder that the trial court had merged as allied offenses. Sage also claims that his sentence is void because the life sentence imposed for aggravated murder was unauthorized by the governing statute, R.C. 2929.03(A)(1). Sage further claims that the trial court improperly used a nunc pro tunc sentencing entry to modify his sentence for aggravated murder. For the reasons outlined below, we find that Sage's claims all lack merit. Accordingly, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On April 11, 2005, Sage pled guilty to two counts of aggravated murder, one count of aggravated burglary, one count of aggravated robbery, and one count of having weapons under disability. The trial court accepted Sage's guilty pleas and then sentenced him on April 26, 2005. During Sage's sentencing hearing, the trial court merged the two counts of aggravated murder for purposes of sentencing. The trial court then imposed a sentence of life in prison for aggravated murder and noted that Sage would be eligible for parole after 20 years. The trial court sentenced Sage to five years in prison for aggravated burglary and five years for aggravated robbery, and it ordered those two sentences to be served concurrently to one another, but consecutively to the life sentence for aggravated murder. The trial court also sentenced Sage to one year in

prison for having weapons under disability, to be served concurrently to all the other sentences. Therefore, the trial court imposed an aggregate sentence of life in prison plus five years.

{¶ 3} Sage appealed from his conviction and raised multiple arguments, including that his sentence was unlawful under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. After reviewing Sage's appeal, we agreed that the trial court had engaged in judicial factfinding that *Foster* held was unconstitutional. Therefore, we vacated Sage's sentence and remanded the matter to the trial court for resentencing. *State v. Sage*, 2d Dist. Montgomery No. 21097, 2007-Ohio-442.

{¶ 4} Sage's resentencing hearing was held on March 2, 2007. During the resentencing hearing, the trial court sentenced Sage to the exact same sentence that it had previously imposed. This time, however, the trial court explained that, although the statute governing the penalty for aggravated murder provided that Sage's life sentence carried parole eligibility after 20 years, Sage would actually not be eligible for parole until after 25 years given that his life sentence was consecutive to Sage's aggregate five-year sentence for aggravated burglary, aggravated robbery, and having weapons under disability. Sage did not appeal from trial court's resentencing decision.

{¶ 5} Over the next 13 years, Sage filed several pro se motions in the trial court, including a pro se "Motion to Terminate April 11, 2005 Contract Plea Agreement." Sage filed the motion on June 25, 2019. The trial court construed the motion as a petition for post-conviction relief and overruled it on grounds that it was untimely and barred by res judicata. Sage appealed from that decision, and while the appeal was pending, Sage filed three more pro se motions in January and February 2020. In those motions, Sage

alleged that his sentence was void because the trial court imposed separate sentences for the two counts of aggravated murder that had been merged as allied offenses. Sage also argued that his sentence was void because the life sentence imposed for aggravated murder was not authorized by the governing statute, R.C. 2929.03(A)(1).

{¶ 6} On March 4, 2020, the trial court found that it lacked jurisdiction to rule on the three pro se motions due to the pending appeal on Sage's "Motion to Terminate April 11, 2005 Contract Plea Agreement." However, after we issued our decision on that appeal, Sage filed a fourth pro se motion titled: "Renewed Motion to Correct Void Judgment." In that motion, Sage raised the same arguments that he had raised in his prior three pro se motions. Sage filed the renewed motion on July 29, 2020.

{¶ 7} In the renewed motion, Sage admitted that the trial court had determined that the two aggravated murder counts merged as allied offenses. Sage, however, claimed that the trial court imposed separate sentences on those counts. Sage based this argument on the language of the March 8, 2007 resentencing entry, which stated as follows:

WHEREFORE, it is the JUDGMENT and SENTENCE of the Court that the defendant herein be delivered to the CORRECTIONAL RECEPTION CENTER, there to be imprisoned and confined for a term of:

* * *

COUNT # 16 [Aggravated Murder (while committing aggravated burglary)]: LIFE;

COUNT # 17 [Aggravated Murder (while committing aggravated robbery)]: LIFE, WHICH SENTENCE MERGES WITH COUNT #16; * * *

Termination Entry (March 8, 2007).

{¶ 8} Sage also argued that the "LIFE" sentence imposed in the resentencing entry was unauthorized by law because R.C. 2929.03(A)(1) provides that the penalty for aggravated murder is not just "life," but one of the following:

(a) Life imprisonment **without parole**;

(b) [L]ife imprisonment **with parole eligibility after serving twenty years of imprisonment;**

(c) [L]ife imprisonment **with parole eligibility after serving twenty-five full years of imprisonment;**

(d) [L]ife imprisonment **with parole eligibility after serving thirty full years of imprisonment[.]**

(Emphasis added.)   R.C. 2929.03(A)(1)

{¶ 9} On September 29, 2020, the trial court issued a decision overruling all four of Sage's pro se motions challenging his sentence as void.   In so holding, the trial court found that it indicated during the resentencing hearing that Sage would be serving one sentence for the merged aggravated murder counts, i.e., life in prison with the possibility of parole after 20 years.   The trial court further found that the issues raised in Sage's pro se motions could be properly addressed by a nunc pro tunc entry.   The trial court, therefore, simultaneously issued a nunc pro tunc entry that amended the March 8, 2007 resentencing entry to include the following revised language:

WHEREFORE, it is the JUDGMENT and SENTENCE of the Court that the Defendant herein be delivered to the CORRECTIONAL RECEPTION CENTER, there to be imprisoned and confined for a term of:

* * *

Count #16 [Aggravated Murder (while committing Aggravated Burglary)]:

LIFE with the possibility of parole after TWENTY (20) years;

Count # 17 [Aggravated Murder (while committing Aggravated Robbery)]:

Merges with Count #16[.]

Nunc Pro Tunc Termination Entry (Sept. 29, 2020).

{¶ 10} Sage thereafter filed two separate notices of appeal—one from the trial court's decision overruling his four pro se motions and the other from the trial court's corresponding nunc pro tunc entry. After receiving both of Sage's notices of appeal, this court issued an order consolidating the appeals. Once the appeals were consolidated, Sage filed an appellate brief raising two assignments of error for review, which we have addressed below.

**First Assignment of Error**

{¶ 11} Under his first assignment of error, Sage contends that the trial court erred by overruling his four pro se motions that challenged his sentence as being void. In support of this claim, Sage raises the same arguments that were raised in his pro se motions, i.e., that his sentence was void as a result of the trial court's imposing separate sentences for the merged aggravated murder counts and for imposing an unauthorized "life" sentence. However, upon review, we find that all of Sage's arguments are barred by the doctrine of res judicata.

{¶ 12} "The doctrine of res judicata bars a criminal defendant from raising and litigating in any proceedings any defense or claimed lack of due process that was raised

or could have been raised on direct appeal from the conviction. Res judicata applies to the litigation of any post[-]conviction issues which were or could have been litigated on direct appeal." (Citations omitted.) *State v. Young*, 2d Dist. Montgomery No. 20813, 2005-Ohio-5584, ¶ 8. "A void sentence is 'not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' " *State v. Covington*, 2d Dist. Clark No. 2019-CA-50, 2020-Ohio-390, ¶ 13, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. However, "[a]rguments challenging the imposition of a sentence that is **voidable** are barred by the doctrine of res judicata if not raised on direct appeal." (Emphasis added.) *State v. Simons*, 2d Dist. Champaign No. 2013-CA-5, 2013-Ohio-3654, ¶ 42, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. (Other citation omitted.) Therefore, " 'defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal.' " *Id.* at ¶ 40, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

{¶ 13} The Supreme Court of Ohio has recently clarified that "[a] sentence is void only if the sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27. In turn, "sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term." *Id.* With regard to allied-offense sentencing errors, the Supreme Court of Ohio has specifically held that "[t]he imposition of compound sentences for allied offenses is an error in the exercise of jurisdiction, to be challenged at sentencing and remedied on direct

appeal." *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262, ¶ 15.

{¶ 14} Here, there is no dispute that the trial court had subject matter jurisdiction over Sage's case, nor is there any dispute that the trial court had personal jurisdiction over Sage. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("a common pleas court has subject-matter jurisdiction over felony cases"); *Johnson v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2014-G-3206, 2015-Ohio-210, ¶ 11 ("personal jurisdiction exists when the defendant has been properly served with the indictment"). Therefore, Sage's claim that the trial court erroneously imposed separate sentences for the merged aggravated murder counts only amounted to voidable error. The same holds true for Sage's claim that the trial court imposed an unauthorized "life" sentence for aggravated murder. Because Sage's claims assert error that would merely render Sage's sentence voidable, the claims were barred by the doctrine of res judicata, as they should have been raised in a direct appeal from the trial court's resentencing decision.

{¶ 15} Regardless, even if the doctrine of res judicata did not apply, the record as a whole indicates that the trial court sentenced Sage to a single life sentence for both counts of aggravated murder and also advised Sage that he was eligible for parole after serving 20 years as authorized by R.C. 2929.03(A)(1). To the extent that the March 8, 2007 resentencing entry reflects otherwise, the trial court correctly determined that it could issue a nunc pro tunc entry to address that issue. *See State v. Pacific*, 2d Dist. Montgomery No. 28804, 2021-Ohio-973, ¶ 55 ("where a judgment entry does not accurately reflect the sentence imposed at a sentencing hearing, the judgment entry

generally may be corrected by means of a nunc pro tunc entry"). Therefore, for the reasons outlined above, the trial court did not err in overruling Sage's four pro se motions that challenged his sentence as being void.

**{¶ 16}** In reaching this decision, we note that Sage also tangentially argues that the State relied on inadmissible evidence in its memorandum opposing Sage's pro se motions. Specifically, Sage contends that the State improperly cited to the video transcript of his March 2, 2007 resentencing hearing. The online docket, however, indicates that the video transcript at issue was filed with the trial court on March 27, 2007, and was part of the trial court's record. Because the video transcript was part of the trial court's record, it was not inappropriate for the State to reference it while contesting Sage's pro se motions.

**{¶ 17}** Sage's first assignment of error is overruled.

## Second Assignment of Error

**{¶ 18}** Under his second assignment of error, Sage contends that the trial court erroneously modified his sentence for aggravated murder using a nunc pro tunc entry and violated Crim.R. 43(A)(1) by modifying his sentence outside his presence. We disagree.

**{¶ 19}** " 'Crim.R. 36(A) permits trial courts to correct clerical mistakes in judgments or orders arising from oversight or omissions, using a nunc pro tunc entry.' " *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, ¶ 11, quoting *State v. Roach*, 2d Dist. Montgomery No. 23317, 2010-Ohio-566, ¶ 3. " 'The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' " *State v. Arnold,* 2d

Dist. Montgomery No. 22856, 2009-Ohio-3636, ¶ 57, quoting *State v. Brown*, 136 Ohio App.3d 816, 820, 737 N.E.2d 1057 (3d Dist.2000). "The use of a nunc pro tunc entry is limited to reflecting what the court actually decided but failed to properly include in its judgment." *Wolfe* at ¶ 11, citing *State v. Ritchie*, 2d Dist. Montgomery No. 24088, 2011-Ohio-2566, ¶ 8. Thus, " '[t]he function of nunc pro tunc [entries] is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth.' " *Ritchie* at ¶ 10, quoting *Ruby v. Wolf*, 39 Ohio App. 144, 147, 177 N.E. 240 (8th Dist.1931). "A nunc pro tunc entry cannot be used to change something that was deliberately done." (Citation omitted.) *Id*.

{¶ 20} Contrary to Sage's claim otherwise, the nunc pro tunc entry in this case did not modify his sentence for aggravated murder. Rather, the nunc pro tunc entry amended the language in the March 8, 2007 resentencing entry to reflect the trial court's actions at the resentencing hearing, i.e., merging Sage's two counts of aggravated murder and sentencing Sage to a single life sentence with parole eligibility after 20 years. Simply put, the nunc pro tunc entry merely corrected the record to reflect what actually occurred at the resentencing hearing when the court resentenced Sage for aggravated murder. Thus, the nunc pro tunc entry was proper. Moreover, because the nunc pro tunc entry did not modify Sage's sentence, the requirement under Crim.R. 43(A)(1)—that a defendant be physically present at sentencing—was not implicated.

{¶ 21} Sage's second assignment of error is overruled.


**Conclusion**

{¶ 22} Having overruled both assignments of error raised by Sage, the judgment

of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Gordon William Sage
Hon. Dennis J. Adkins