[Cite as *State v. Russell*, 2022-Ohio-285.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29177 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-3840/2 |
| | : | |
| JAMES RUSSELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of February, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 West Second Street, Suite 603, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, James Russell, appeals from his resentencing in the Montgomery County Court of Common Pleas following this court's opinion in *State v. Russell*, 2d Dist. Montgomery No. 24443, 2021-Ohio-871, which held that Russell's aggravated robbery and felony murder offenses were allied offenses of similar import that should have been merged for purposes of sentencing. For the following reasons, the trial court's judgment resentencing Russell will be affirmed, but the matter will be remanded to the trial court for the sole purpose of having the trial court issue a nunc pro tunc entry to correct two clerical errors in the resentencing entry.

**Facts and Course of Proceedings**

**{¶ 2}** On December 10, 2004, a Montgomery County grand jury returned a six-count indictment charging Russell with the following offenses:

Count 1:   Aggravated Robbery (F1) in violation of R.C. 2911.01(A)(1);

Count 2:   Felony Murder (unclassified felony) in violation of R.C. 2903.02(B);

Count 3:   Tampering with Evidence (F3) in violation of R.C. 2921.12(A)(1);

Count 4:   Grand Theft (F4) in violation of R.C. 2913.02(A)(1);

Count 5:   Gross Abuse of a Corpse (F5) in violation of R.C. 2927.01(B); and

Count 6:   Having a Weapon While Under Disability (F3) in violation of R.C. 2923.13(A)(2).

{¶ 3} The counts for aggravated robbery, felony murder, and grand theft were each accompanied by a three-year firearm specification pursuant to R.C. 2941.145(A). Russell pled not guilty to all the counts and specifications, and the matter proceeded to trial. The count for having a weapon while under disability was tried to the bench while the remaining counts and specifications were tried to a jury. Following these trials, Russell was found guilty of all counts and specifications in the indictment.

{¶ 4} At sentencing, the trial court imposed the following prison terms: ten years for aggravated robbery; 15 years to life for felony murder; five years for tampering with evidence; 18 months for grand theft; one year for gross abuse of a corpse; and five years for having a weapon while under disability. The trial court ordered all of the foregoing prison terms to be served consecutively to one another. The trial court also merged all of the three-year firearm specifications and ordered the resulting three-year term to be served prior and consecutively to all the other prison terms. Russell was therefore sentenced to an aggregate term of 40 and one-half years to life in prison.

{¶ 5} Russell appealed from his convictions. On appeal, we overruled all of Russell's assignments of error and affirmed his convictions. *State v. Russell*, 2d Dist. Montgomery No. 21458, 2007-Ohio-137 ("*Russell I*"). Subsequently, however, we did permit Russell to reopen his appeal. In resolving Russell's reopened appeal, we held that the trial court had erred when it failed to declare a mistrial when it was discovered that a verdict form for the count of having a weapon while under disability (which was tried to the bench) had been inadvertently provided to the jury. We therefore reversed Russell's judgment of conviction and remanded the matter for a new jury trial. *State v. Russell*, 2d Dist. Montgomery No. 21458, 2008-Ohio-774 ("*Russell II*").

{¶ 6} Following a second jury trial, Russell was found guilty of all the indicted counts and firearm specifications. The trial court then imposed the same sentence of 40 and one-half years to life in prison. Russell once again appealed, and we reversed his conviction and remanded the case to the trial court due to the trial court erroneously declining to consider a *Batson* challenge to the State's peremptory removal of a prospective juror. *State v. Russell*, 2d Dist. Montgomery No. 23454, 2010-Ohio-4765 ("*Russell III*").

{¶ 7} In *Russell III*, Russell also argued that his aggravated robbery and felony murder offenses were allied offenses of similar import that should have been merged for purposes of sentencing. Relying on the Supreme Court of Ohio's opinion in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), we disagreed and held that those offenses were not allied offenses. *Russell III* at ¶ 34-40. Therefore, our opinion in *Russell III* only directed the trial court to hold a *Batson* hearing on remand. *Id.* at ¶ 65.

{¶ 8} As directed, the trial court held a *Batson* hearing and found that Russell had failed to establish a prima facie case for racial discrimination in the State's exercise of its peremptory challenge. In light of his finding, the trial court reinstated Russell's convictions. Russell then appealed from the trial court's decision. On appeal, we reversed the trial court's decision and remanded the case for another *Batson* hearing. *State v. Russell*, 2d Dist. Montgomery No. 24443, 2012-Ohio-422 ("*Russell IV*").

{¶ 9} After holding a second *Batson* hearing, the trial court found that Russell had not met his burden to prove purposeful discrimination. Accordingly, the trial court once again reinstated Russell's convictions. Russell thereafter commenced another appeal. In that appeal, we affirmed the judgment of the trial court. *State v. Russell*, 2d Dist.

Montgomery No. 25467, 2013-Ohio-5166 ("*Russell V*").

{¶ 10} Following our affirmance in *Russell V*, Russell filed a petition for habeas corpus that raised several grounds for relief in the United States District Court for the Southern District of Ohio, Western Division. The district court dismissed the petition with prejudice, but granted a certificate of appealability for purposes of a *Batson* claim. *Russell v. Marion Corr. Inst.*, S.D.Ohio No. 3:15-cv-331, 2016 WL 4440323 (Aug. 23, 2016).

{¶ 11} Russell thereafter appealed to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit expanded the certificate of appealability to include the question of whether Russell's appellate counsel had been ineffective in *Russell IV* for failing to renew the argument that Russell's aggravated robbery and felony murder offenses should have been merged pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which was the allied-offense precedent at the time of *Russell IV*. *Russell v. Bunting*, 722 Fed.Appx. 539, 551 (6th Cir.2018), citing *Russell v. Bunting*, 6th Cir. No. 16-4022 (May 30, 2017). Accordingly, the Sixth Circuit remanded the case to the district court, and the district court found a reasonable probability that, under the most recent precedent in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, this court would find that Russell's convictions for aggravated robbery and felony murder were allied offenses. *Russell v. Bunting*, S.D.Ohio No. 3:15-cv-331, 2018 WL 3609499 (July 27, 2018). As a result, the district court granted Russell a writ of habeas corpus. *Id.*

{¶ 12} On June 30, 2020, after the district court granted Russell a writ of habeas corpus, the State moved this court under App.R. 5(B) to reopen the appeal in *Russell IV*.

We sustained the State's motion and granted Russell permission to pursue reopening his appeal in *Russell IV* on grounds that his former appellate counsel was ineffective in failing to renew the issue identified in the federal habeas corpus proceedings, i.e., whether Russell's aggravated robbery and felony murder offenses should have been merged as allied offenses. Decision and Entry (Sept. 2, 2020), 2d Dist. Appellate Case No. 24443.

{¶ 13} After reviewing the parties' appellate briefs and oral arguments, we held that the trial court erred by failing to merge Russell's aggravated robbery and felony murder offenses. We also held that Russell's former appellate counsel was ineffective for failing to raise that issue in prior proceedings. We therefore reversed the judgment of the trial court solely as to the allied offense issue and remanded the matter for resentencing. *State v. Russell*, 2d Dist. Montgomery No. 24443, 2021-Ohio-871 ("*Russell VI*").

{¶ 14} On June 16, 2021, the trial court held a resentencing hearing as directed in *Russell VI*. At the resentencing hearing, the trial court merged the aggravated robbery and felony murder offenses. The State then elected to have Russell sentenced for felony murder. Following the State's election, the trial court imposed a sentence of 15 years to life in prison for felony murder and explained that all other aspects of Russell's sentence remained as originally imposed.

{¶ 15} Russell objected at the resentencing hearing and argued that he could not be resentenced for aggravated robbery because he had already served the prison term imposed for that offense. In response, the trial court explained that it was not resentencing Russell for aggravated robbery, but only for felony murder. The trial court thereafter issued an amended sentencing entry that reflected the merger of the aggravated robbery and felony murder offenses and the State's election to have Russell

sentenced for felony murder. Given the merger and the imposition of a 15-year-to-life sentence for felony murder, the amended sentencing entry reflected an aggregate term of 30 and one-half years to life in prison.

{¶ 16} The amended sentencing entry did not modify the trial court's original imposition of post-release control, which had ordered Russell to serve a five-year mandatory term of post-release control for aggravated robbery. Therefore, despite aggravated robbery being merged into felony murder, the amended sentencing entry still ordered Russell to serve a term of post-release control for aggravated robbery. The amended sentencing entry also incorrectly cited felony murder as being in violation of R.C. 2903.04(B) as opposed to R.C. 2903.02(B).

{¶ 17} Russell now appeals from the trial court's resentencing judgment, raising two assignments of error for review.

**First Assignment of Error**

{¶ 18} Under his first assignment of error, Russell contends that the trial court did not have authority to resentence him for the count of aggravated robbery because, at the time of the resentencing hearing, he had already completed the 10-year prison term that was originally imposed for that offense. In support of this claim, Russell relies on *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382.

{¶ 19} In *Holdcroft*, the Supreme Court of Ohio held that a trial court is prohibited from "resentenc[ing] a defendant for an offense when the defendant has already completed the prison sanction for that offense." *Id.* at ¶ 19. *Accord State v. Christian*, 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216, ¶ 13. More specifically, *Holdcroft*

concerned the trial court's authority to resentence a defendant to a term of post-release control for an offense after the defendant had already completed the prison term for that offense. The Supreme Court held that: "A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Holdcroft* at paragraph three of the syllabus.

{¶ 20} Based on *Holdcroft*, Russell asserts that the trial court did not have authority to merge his aggravated robbery and felony murder offenses given that he had already completed the 10-year prison term imposed for aggravated robbery. *Holdcroft*, however, applies to a trial court's authority to resentence a defendant, not to merge offenses. It is a subtle distinction, but the merger of offenses precedes the resentencing. *See State v. Wright*, 2d Dist. Montgomery No. 24276, 2011-Ohio-4874, ¶ 82 ("After merger of the aggravated burglary and robbery offenses, the trial court should conduct a resentencing hearing and resentence Wright on the merged offense."); *State v. Hamby*, 2d Dist. Montgomery No. 23618, 2010-Ohio-4040, ¶ 59 ("The case will be remanded to the trial court to first merge the above offenses and, pursuant to the State's election, to resentence Hamby accordingly.") Furthermore, " '[a] sentence that contains an allied-offenses error is contrary to law,' and an appellate court has the authority to vacate 'sentences that [are] affected by the allied-offenses error and remand the matter for a new sentencing hearing.' " *State v. Wilson*, 2015-Ohio-2023, 33 N.E.3d 104, ¶ 11 (9th Dist.), quoting *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 14.

{¶ 21} In this case, the record of the resentencing hearing establishes that the trial court did not resentence Russell for aggravated robbery. Rather, the trial court merged

the aggravated robbery offense with the felony murder offense and then resentenced Russell to 15 years to life in prison for felony murder—a sentence that had not yet been completed. The trial court did not impose a prison sentence for aggravated robbery at the resentencing hearing. The 10-year prison term originally imposed for aggravated robbery was effectively vacated by the trial court's merging the aggravated robbery and felony murder offenses and by the State's electing to have Russell sentenced for felony murder. Objecting to the merger is against Russell's interest, as the 10-year sentence for aggravated robbery would not have been vacated but for the merger.

{¶ 22} Russell also claims that the trial court did not have authority to impose a term of post-release control for aggravated robbery. However, the record establishes that the trial court did not impose a term of post-release control for aggravated robbery at the resentencing hearing. Because Russell was resentenced for felony murder, an unclassified felony for which post-release control does not apply, post-release control was not mentioned, let alone imposed by the trial court at the resentencing hearing.

{¶ 23} The amended sentencing entry does, however, incorrectly reflect that Russell is required to serve a mandatory five-year term of post-release control for aggravated robbery. The amended sentencing entry also incorrectly cites felony murder as being in violation of R.C. 2903.04(B) as opposed to R.C. 2903.02(B). These are nothing more than clerical errors. The trial court simply failed to modify the post-release-control portion of the original sentencing entry and mistyped the applicable statute for felony murder. Such errors can be corrected via a nunc pro tunc entry. *See State v. Sage*, 2d Dist. Montgomery Nos. 28938, 28939, 2021-Ohio-2130, ¶ 19 (nunc pro tunc entries are used to correct clerical mistakes in judgment entries in order to reflect what

the trial court actually decided, but failed to properly include in its entry).

{¶ 24} Russell's first assignment of error is overruled in part and sustained in part.

**Second Assignment of Error**

{¶ 25} Under his second assignment of error, Russell contends that the amended sentencing entry is ambiguous regarding the order in which the trial court intended him to serve his individual prison terms. In light of this alleged ambiguity, Russell asserts that this court should apply the rule of lenity and interpret the order of his prison terms in a manner that is most favorable to him. While Russell concedes that the trial court specifically ordered the three-year prison term for his merged firearm specifications to be served first, he claims that the other prison terms should be served in the following order: five years for tampering with evidence; five years for having weapons under disability, 18 months for grand theft; one year for gross abuse of a corpse; and 15 years to life for felony murder.

{¶ 26} In support of his argument, Russell cites *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121. In *Cvijetinovic*, the Eighth District Court of Appeals held that ambiguous, conflicting sentencing entries should be construed in the defendant's favor. *Id.* at ¶ 23-25. *Cvijetinovic*, however, involved a situation where there were reciprocal sentencing entries on two separate cases that contained conflicting information as to the order in which the defendant was to serve the prison terms imposed in each case. Without any such conflict or ambiguity in the sentencing entry, *Cvijetinovic* held that "it is axiomatic that a trial court only speaks through its journal; thus, the sentencing journal entries should dictate how sentences are served." *Id.* at ¶ 21.

**{¶ 27}** Similarly, "[w]e have said that, 'absent any additional direction from the trial court,' it is reasonable to conclude that sentences are to be served in the order set forth in the termination entry." *State v. Herron*, 2d Dist. Montgomery No. 27910, 2019-Ohio-4180, ¶ 9, quoting *State v. Christian*, 2017-Ohio-8249, 99 N.E.3d 887, ¶ 15 (2d Dist.), *rev.'d on other grounds,* 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216. *See also State v. Beverly*, 2d Dist. Clark No. 2015-CA-71, 2018-Ohio-2116, ¶ 10, ("we previously have looked to the order in which a trial court imposed its sentences and also have construed any ambiguity regarding the order of service in a defendant's favor"); *State v. Henley*, 2d Dist. Montgomery No. 27326, 2017-Ohio-5828, ¶ 10 (finding "[i]n the absence of other guidance * * * it was reasonable to look to the order that the trial court addressed the charges and infer that the court intended that the sentences be served in the order addressed in the termination entry").

**{¶ 28}** Contrary to Russell's claim otherwise, there is no ambiguity in his amended termination/sentencing entry. The amended entry provides, in relevant part, as follows:

WHEREFORE, it is the JUDGMENT and SENTENCE of the Court that the defendant herein be delivered to the CORRECTION RECEPTION CENTER there to be imprisoned and confined for a term of:

*COUNT 1 AND 2 MERGE INTO EACH OTHER; FOR PURPOSES OF SENTENCING, THE STATE ELECTS SENTENCING IN COUNT 2.*

COUNT 2 [Felony Murder]: FIFTEEN (15) YEARS TO LIFE;

COUNT 3 [Tampering with Evidence]: FIVE (5) YEARS;

COUNT 4 [Grand Theft]: EIGHTEEN (18) MONTHS;

COUNT 5 [Gross Abuse of a Corpse]: ONE (1) YEAR;

COUNT 6: HAVING WEAPONS WHILE UNDER DISABILITY (prior offense of violence) F3 – On January 17, 2006, having been found guilty by the Court in the first trial, Defendant was sentenced to five (5) years on Count 6 – and said sentence stands as is.

ALL COUNTS ARE TO BE SERVED CONSECUTIVELY TO EACH OTHER.

Amended Termination Entry (June 18, 2021).

{¶ 29} In the absence of any other information in the record, we find that the amended sentencing entry reflects the order in which the trial court intended Russell to serve his consecutive prison terms.   That is, 15 years to life for felony murder, five years for tampering with evidence, 18 months for grand theft, one year for gross abuse of a corpse, and five years for having a weapon while under disability.   We note that, other than the sentence for aggravated robbery being omitted, the order of the prison terms in the amended sentencing entry did not deviate from the order set forth in the original sentencing entries issued in this case.

{¶ 30} Russell's second assignment of error is overruled.

**Conclusion**

{¶ 31} Having overruled Russell's second assignment of error, and having overruled in part and sustained in part Russell's first assignment of error, the judgment of the trial court is remanded to the trial court for the sole purpose of issuing a nunc pro tunc entry to correct the clerical errors in the amended sentencing entry.   The judgment of the

trial court is affirmed in all other respects.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
John S. Pinard
Hon. Dennis J. Adkins